977 F.2d 582
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eddie J. LLOYD, Plaintiff-Appellant,
v.
Michael SEXTON; Dewey Kyles; Richard H. Koch, II; Jack K.
Gordon; James A. Bonanno; Walter T. Cobb,
Defendants-Appellees.
 Nos. 92-1399, 92-1510.
 United States Court of Appeals, Sixth Circuit.
 Oct. 6, 1992.
 
 Before KEITH, KENNEDY and NATHANIEL R. JONES, Circuit Judges.
 
 ORDER
 
 1
 Eddie Joe Lloyd, a pro se Michigan prisoner, appeals a district court order dismissing his civil rights action filed under 42 U.S.C. § 1983 (No. 92-1399) and a district court order awarding costs to the defendants under 28 U.S.C. § 1920 (No. 92-1510). These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Lloyd sued several Michigan state correctional officials in their individual and official capacities. Lloyd alleged that the defendants: 1) subjected him to verbal harassment; 2) assaulted him in violation of the Eighth Amendment to the United States Constitution; 3) placed him in unlawful segregation; 4) filed three false misconduct charges against him; 5) subjected him to illegal shakedowns and searches; and 6) denied him access to the courts by delaying his legal mail. Defendants filed a motion for summary judgment which Lloyd opposed. The case was referred to a magistrate judge who recommended that the defendants' motion be granted and the complaint be dismissed. In his objections to the magistrate judge's report, Lloyd specified that he objected only to the magistrate judge's conclusion regarding his Eighth Amendment claim. He did not oppose the magistrate judge's recommendations as to the other allegations. Over Lloyd's objections, the district court adopted the magistrate judge's report and dismissed the case. Following the district court's judgment, the defendants' motion for costs was subsequently granted.
 
 
 3
 In his timely appeal from the district court's judgment (No. 92-1399), Lloyd contends that summary judgment should not have been granted to the defendants as to his Eighth Amendment claim. Lloyd argues that there were genuine issues of material fact which prevent the issuance of summary judgment. In his timely appeal from the district court order granting costs (No. 92-1510), Lloyd states that he is appealing the order as an aggrieved party. He requests the appointment of counsel.
 
 
 4
 Upon review, we affirm the district court's dismissal of the following claims: that the defendants subjected him to verbal harassment; that the defendants placed him in unlawful segregation; that the defendants filed three false misconduct charges against him; that the defendants subjected him to illegal shakedowns and searches; and that the defendants denied him access to the courts by delaying his legal mail. As Lloyd has not objected to the magistrate judge's report recommending that these issues be dismissed, Lloyd has waived his right to appeal these issues. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Willis v. Sullivan, 931 F.2d 390, 400-01 (6th Cir.1991).
 
 
 5
 We affirm the district court's dismissal of the complaint against defendant Walter Cobb as frivolous under 28 U.S.C. § 1915(d). Lloyd has not challenged Cobb's dismissal on appeal. As such, any objection that Lloyd may have raised on appeal is considered abandoned and not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 6
 We review the district court's grant of summary judgment de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). An order awarding costs is reviewed under the abuse of discretion standard. See Weaver v. Toombs, 948 F.2d 1004, 1013 (6th Cir.1991).
 
 
 7
 Upon review, we conclude that there is a genuine issue of material fact as to Lloyd's Eighth Amendment claim and that the defendants are not entitled to judgment as a matter of law. Celotex Corp., 477 U.S. at 323. Therefore, we vacate the district court's judgment and remand for further proceedings as to Lloyd's Eighth Amendment claim. Because we vacate the district court's judgment, the defendants are not entitled to the recovery of costs. See Weaver, 948 F.2d at 1009.
 
 
 8
 Accordingly, we hereby deny Lloyd's request for counsel and affirm the district court's judgment to the extent it dismissed defendant Cobb and granted the remaining defendants summary judgment on Lloyd's claims regarding verbal harassment, unlawful segregation, false misconduct charges, illegal searches, and delay of legal mail. As to Lloyd's claim that he was subjected to cruel and unusual punishment, the judgment is vacated and the case remanded for further proceedings. Finally, we vacate the award of costs. Rule 9(b)(3), Rules of the Sixth Circuit.